**In re FLEMING COMPANIES, INC., et al., Debtors.**

**No. 03–10945(MFW).**

United States Bankruptcy Court, D. Delaware.

March 31, 2004.

Christopher James Lhulier, Kathleen Marshall DePhillips, Laura Davis Jones, Pachulski, Stang, Ziehl, Young & Jones, PC, Wilmington, DE, Scott D. Cousins, Victoria Watson Counihan, William E. Chipman, Jr., Greenberg Traurig, LLP, Wilmington, DE, Scotta Edelen McFarland, Pachulski, Stang, Ziehl, Young, Jones, Los Angeles, CA, Sheldon K. Rennie, Fox, Rothschild, O'Brien & Frankel, LLP, Wilmington, DE, for Fleming Companies, Inc.

Thomas C. Marconi, Losco & Marconi, PA, Wilmington, DE, for Operating Bradley and Mitsui Bussan Logistics, Inc.

S.D. Deacon Corp. of California, pro se.

John Henry Knight, Richards, Layton & Finger, PA, Wilmington, DE, for S.D. Deacon Corp.

Richard P. S. Hannum, Swartz, Campbell, Detweiler, Wilmington, DE, for Dana B. Geyer, trustee.

Julie L. Compton, Office of U.S. Trustee, Wilmington, DE, U.S. Trustee.

Aaron A. Garber, David M. Fournier, Adam Hiller, Pepper Hamilton, LLP, Wilmington, DE, Dennis Dunne, Derrick Talerico, Susheel Kirpalani, Milbank, Tweed, et al., New York City, Kirk A. Kennedy, Kirkland & Ellis, Chicago, IL, for Official Committee of Unsecured Creditors and Pepper Hamilton, LLP.

Jennifer Lee Scoliard, Steven K. Kortanek, Klehr, Harrison, Harvey, Branzburg & Eller, Wilmington, DE, for Official Committee of Reclamation Creditors.

## MEMORANDUM OPINION[1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Debtors' Motion for an Order to reject, inter alia, a Refrigeration Supply Agreement with Northstar Refrigeration LLC. Northstar opposes the Motion. For the reasons set forth below, we deny the Debtors' Motion to reject and hold that the Debtors are obligated to pay an administrative claim to Northstar pursuant to section 365(d)(10).

### I. FACTUAL BACKGROUND

On December 4, 1998, the Debtors' LaCrosse Division entered into a Refrigeration Supply Agreement with Wisvest Corporation for refrigeration services at the Debtors' LaCrosse Warehouse. After entering into the Refrigeration Supply Agreement, Wisvest assigned it to Northstar Refrigeration LLC ("Northstar").

On April 1, 2003, Fleming Companies, Inc., and several of its affiliates ("the Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. At that time, the Debtors were in the wholesale grocery distribution business, the retail grocery business and the convenience store distribution business. On July 11, 2003, the Debtors filed a Motion to sell substantially all of their wholesale distribution business assets. Among the assets to be sold was the LaCrosse Warehouse.

On August 15, 2003, the Court entered an Order ("the Sale Order") approving the Asset Purchase Agreement ("the APA") between the Debtors and C & S Wholesale Grocers, Inc., and C & S Acquisition LLC

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

(collectively "C & S"). The Sale Order granted the Debtors authority to transfer, inter alia, the LaCrosse Warehouse to C & S or an applicable third party purchaser, on further notice and order. The Sale Order also provided that C & S, or the applicable third party purchaser, could require the Debtors to assume or reject certain leases or executory contracts, upon notice to the contract parties.

Subsequently, the Debtors provided notice of its intent to transfer the LaCrosse Warehouse to Supervalu as the designated third party purchaser. On August 28, 2003, Northstar filed a Limited Objection to the transfer of the LaCrosse Warehouse because the sale did not provide for the purchase of its refrigeration equipment or the assumption and assignment of the Refrigeration Supply Agreement to the purchaser. On September 9, 2003, the Court entered a Supplemental Order approving the sale of the LaCrosse Warehouse to Supervalu. On October 17, 2003, Supervalu directed the Debtors, as permitted in the APA, to file a Motion to reject the Refrigeration Supply Agreement pursuant to section 365(a) of the Bankruptcy Code. Northstar objects to the rejection asserting that the Debtors have failed to satisfy their post-petition contractual obligations under that Agreement.

## II. *JURISDICTION*

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 & 157(B)(2)(A), (M) & (O).

## III. *DISCUSSION*

■ Section 365(a) provides that a debtor in possession may reject an executory contract or unexpired lease, upon court approval. 11 U.S.C. § 365(a). The decision to reject an executory contract is a matter within the sound business judgment of the debtor. *See, e.g., In re Tay-*

*lor,* 913 F.2d 102 (3d Cir.1990). Where the rejection of an executory contract would benefit the estate, rejection is appropriate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.,* 872 F.2d 36, 40 (3d Cir.1989).

Northstar does not contest the Debtor's ability to reject the Agreement. However, Northstar does object to the Debtors' rejection of the Refrigeration Supply Agreement without first satisfying their post-petition obligations under that Agreement.

■ When a debtor rejects an executory contract, the rejection constitutes a breach of such contract occurring immediately before the date the debtor filed its bankruptcy petition. 11 U.S.C. § 365(g). Typically, damages on a rejected executory contract have priority as general unsecured claims. *N.L.R.B v. Bildisco and Bildisco,* 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). Northstar asserts, however, that the Debtors' post-petition conduct created an administrative claim under section 365(d)(10) and thus its claim is outside the scope of section 365(g).

■ Section 365(d)(10) provides that "The trustee shall timely perform all of the obligations of the debtor ... arising from or after 60 days after the order for relief under an unexpired lease of personal property ... until such lease is assumed or rejected." *Id.* While the Third Circuit has not specifically addressed the application of section 365(d)(10) under these circumstances, it has addressed substantially similar language. *In re Montgomery Ward,* 268 F.3d 205 (3d Cir.2001). In applying section 365(d)(3), the Third Circuit concluded that a debtor must timely perform all leasehold obligations as they come due. *Id.* at 210. The Court further concluded that "such an obligation arises when one becomes legally obligated to perform." *Id.* at 209. Accordingly, the Court concluded

that the debtor in that case was responsible for all obligations that arose post-petition and prior to rejection, including the payment of annual real estate taxes that were billed post-petition even though they were for a pre-petition period. *Id.* at 212.

In *In re Muma Services Inc.*, we addressed the application of *Montgomery Ward* to section 365(d)(10). 279 B.R. 478 (Bankr.D.Del.2002). In *Muma* we concluded that the Third Circuit would construe section 365(d)(10) in the same manner that it construed section 365(d)(3). *Id.* Accordingly, if a lease obligation arises after the sixtieth day of the bankruptcy case, and prior to the rejection of a lease, section 365(d)(10) requires the debtor to timely pay that obligation unless the court provides otherwise based on the equities of the case. *See id.* at 487.

It is on this basis that Northstar asserts it has an administrative claim against the Debtors arising under the Refrigeration Supply Agreement. In particular, Northstar asserts that by selling the LaCrosse Warehouse (and its perishable inventory) *before* rejecting the Refrigeration Supply Agreement, the Debtors triggered paragraph 8 of that Agreement. Paragraph 8 provides that "If at any time during the term of [the Agreement], the [Debtors] shall enter into an agreement for sale of its building ... the [Debtors] shall purchase the [refrigeration equipment]." (Refrigeration Supply Agreement at ¶ 8). Accordingly, Northstar contends that it has an administrative claim based on this purchase obligation.

In response, the Debtors contend that Northstar cannot have an administrative claim against it because they did not assume the Agreement and this Court never approved the assumption of the Agreement. *See In re Univ. Med. Ctr.*, 973 F.2d 1065, 1077 (3d Cir.1992) (noting that court

approval is mandated for assumption of an executory contract under § 365(a)).

However, under section 365(d)(10) assumption of the contract is not required for the enforcement of a lease obligation triggered by the Debtors' post-petition conduct. The uncontested facts clearly establish that the Debtors did not reject the Refrigeration Supply Agreement until *after* it sold the LaCrosse Warehouse. That decision was not inadvertent. The Debtors sold both the Warehouse and its inventory (which was obviously refrigerated). The buyer delayed rejection of the Refrigeration Supply Agreement until it could dispose of the inventory. Applying *Montgomery Ward* and our previous ruling in *Muma*, we must conclude that the Debtors are obligated under section 365(d)(10) to satisfy the contractual obligations triggered by their post-petition and pre-rejection conduct. Accordingly, we conclude that the Debtors are obligated to buy the refrigeration equipment from Northstar. Since that obligation arose post-petition and prior to rejection, it is an administrative claim. Because the Debtors must purchase the refrigeration equipment, there appears to be no legitimate business reason to reject the Refrigeration Supply Agreement at this time. Consequently, we will sustain Northstar's objection and deny the Debtors' Motion to reject.

## IV. *CONCLUSION*

For the reasons set forth above, we will grant Northstar's Objection and deny the Debtors' Motion to reject the Refrigeration Supply Agreement. An appropriate order is attached.

### *ORDER*

AND NOW, this 31st day of **MARCH 2004,** upon consideration of the Debtors' Motion to Reject the Unexpired Lease of

Northstar Refrigeration LLC, and the objection of Northstar, it is hereby

**ORDERED** that the Debtor's Motion is **DENIED**.